UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEONARD WOODS,<br><br>                Plaintiffs,<br><br>v.<br><br>L. REYES, et al.,<br><br>                Defendants. | Case No. 2:17-cv-01936-JAD-CWH<br><br>**AMENDED ORDER** |

Presently before the court is plaintiff Leonard Woods' application to proceed *in forma pauperis* (ECF No. 1), filed on July 14, 2017. Also before the court is Woods' civil rights complaint filed under 42 U.S.C. § 1983. (Compl. (ECF No. 1-1).) Plaintiff is a pro se inmate in the custody of the Clark County Detention Center ("CCDC"). Woods submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Wood's request to proceed *in forma pauperis* therefore will be granted. The court now screens Wood's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.   ANALYSIS**

      **A. Screening Standard for Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim

under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff sues Las Vegas Metropolitan Police Department ("LVMPD") officers and detectives, L. Reyes, T. Striegel, H. Haynes, T. Swartz, R. Wilson, and B. Embrey for allegedly withholding evidence favorable to his defense. Plaintiff also sues CCDC's Correctional Officers and Kitchen Staff. Plaintiff seeks $200,000 in damages from the LVMPD officers, and $500,000 in compensatory damages from CCDC.

//

//

1. Count One

Plaintiff's first claim alleges that LVMPD officers withheld evidence favorable to his defense, and that they failed to properly investigate allegations prior to plaintiff's arrest. Specifically, plaintiff alleges that on July 17, 2015, officers L. Reyes and T. Striegel viewed D. Leal's cellular phone and saw sexually explicit material, but failed to report their findings.[1] Plaintiff further claims that officers failed to properly investigate, because such an investigation would prove that Leal's statements were false, that plaintiff was not transient, and that there was an outstanding arrest warrant for J. Jones.[2] Plaintiff also alleges that officers V. Haynes and T. Swartz on August 5, 2015, failed to provide an official police report, and withheld information pertaining to plaintiff's request for counsel. Plaintiff further alleges that Swartz and Haynes falsely reported that plaintiff was involved in an incident, despite body and dash camera footage proving otherwise. Lastly, plaintiff alleges that on August 6, 2015, LVMPD detectives B. Embry and R. Wilson withheld that plaintiff requested a lawyer and did not wish to continue speaking with them. Plaintiff further alleges that Embry and Wilson provided forged and altered statements in their report. Plaintiff also alleges that Embry and Wilson failed to preserve evidence and failed to fully investigate.

Plaintiff's complaint does not include any other factual allegations regarding the arrest or the status of LVMPD's investigation. The court is unable to determine whether there is an ongoing criminal proceeding or whether the circumstances described resulted in plaintiff's conviction. Even liberally construing the complaint, the court cannot evaluate whether plaintiff's complaint states a cognizable claim for which he may be entitled to relief, absent additional factual allegations regarding the underlying case. The court will therefore dismiss plaintiff's complaint without prejudice for the plaintiff to file an amended complaint.

//

---

[1] Plaintiff refers to D. Leal in his complaint, but does not provide an explanation of D. Leal's role in the allegations.

[2] Plaintiff refers to J. Jones in his complaint, but does not provide further explanation of J. Jones' role in the allegations.

2. Count Two

In his second claim, plaintiff alleges that CCDC's correctional officers and kitchen staff expose him to sexual degradation, humiliation, illness and disease. Specifically, plaintiff alleges that correctional officers unnecessarily and frequently subject him to cavity searches. Plaintiff further alleges that he suffers daily exposure to hepatitis, botulism, and other diseases from the dirty dishwater on meal trays. He further alleges that he, on multiple occasions, found pieces of metal, plastic, teeth, fingernails and hair in meals. Lastly, plaintiff claims that he has experienced food poisoning on two occasions since the beginning of his detention at CCDC. The court assesses these allegations in two parts: 1) conditions of confinement and 2) cavity searches.

*a. Conditions of Confinement*

While plaintiff has not provided the court with the circumstances of his detention, the court liberally construes plaintiff's complaint to find that he is a pretrial detainee. Claims based on a pretrial detainee's conditions of confinement are evaluated under the due process clause of the Fourteenth Amendment, whereas a convicted inmate's claims arise under the Eighth Amendment. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (en banc); *see Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979). Nevertheless, the court applies the same standard. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To prevail on a due process violation, plaintiff must allege facts demonstrating that (1) defendant made an intentional decision in regards to the conditions under which plaintiff was confined; (2) that those conditions put plaintiff at substantial risk of suffering serious harm; (3) that defendant did not take reasonable available measures to minimize the risk; and (4) that failure to take such measures caused plaintiff's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Under the Eighth amendment, prisoners need only receive food that is "adequate to maintain health[.]" *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign objects . . . , while unpleasant, does not amount to a constitutional deprivation." *Id.*

Plaintiff alleges that food trays are not washed properly, and that on many occasions, meals have pieces of metal, plastic, teeth, fingernails and hair. Further, plaintiff alleges that he

suffered from food poisoning twice in the last two years and that he would have to pay for the costs of seeking medical treatment. Lastly, plaintiff claims that he is exposed to hepatitis, botulism, ptomaine and other diseases from CCDC's use of old trays.

Plaintiff's claims that he is exposed to hepatitis and other diseases are conclusory, as he has provided no factual allegations to support those claims. However, plaintiff has alleged that CCDC's unsanitary conditions have placed him at a substantial risk of food poisoning, and he has suffered food poisoning on more than one occasion. Therefore, the court finds that plaintiff has stated a colorable Fourteenth Amendment claim based on conditions of confinement.

*b. Cavity Searches*

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. *See* U.S. Const. amend. IV. However, "reasonable strip searches do not violate prisoners' rights under the Fourth Amendment." *Foster v. Gentry*, 518 Fed. Appex. 594, 595 (9th Cir. 2013) (unpublished) (citing *Bull v. City & Cty. of San Francisco*, 595 F.3d 964, 975 (9th Cir. 2010)). Strip searches are unreasonable when they are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder v. Sumner*, 860 F.2d 328, 332–33 (9th Cir. 1988). In *Bell*, the Supreme Court held that the Fourth Amendment does not prohibit cavity searches when the pretrial detainee has contact with a person outside the prison. *See Bell*, 441 U.S. 520, 558 (1979). The Supreme Court, in applying the scope, manner, justification, and place test, noted the security concerns associated with detention facilities, including the concealment of drugs and other contraband. *Id.* at 559.

Liberally construing plaintiff's complaint, the court finds that plaintiff has not alleged sufficient facts to state a claim under the Fourth Amendment against CCDC's correctional officers. Plaintiff alleges that correctional officers conduct cavity searches during a drug search, attorney visit, religious service, or officer training. Each of the aforementioned circumstances leading to a cavity search serve legitimate penological interests and are justified under the prison's security concerns. Further, plaintiff has not identified a specific officer that participated in the alleged unconstitutional search. Therefore, the court will dismiss plaintiff's claims of excessive cavity searches, without prejudice, with leave to amend to add factual allegations that

deprived plaintiff's civil rights, if such facts exists.  Plaintiff's count II allegations will proceed only as to his conditions of confinement claims, against CCDC's kitchen staff.

### C. Leave to Amend

If plaintiff chooses to file an amended complaint, plaintiff must file the amended complaint on the court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff is advised all defendants must be identified in the caption of the pleading and that all defendants must be named in the section of the prisoner civil rights form designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, plaintiff still must give defendants fair notice of each of the claims plaintiff is alleging against each defendant.

Furthermore, plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged specifically. The court cannot refer to a prior pleading or other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

If plaintiff chooses to file an amended complaint curing the deficiencies of the complaint, plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order. If plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will proceed only on the count II conditions of confinement claim asserted against CCDC's kitchen staff.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Leonard Woods' application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepayment of fees or costs or the giving of security for fees or costs. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that under 28 U.S.C. § 1915(b)(2), the Clark County

1 | Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits from the account of **Leonard Woods**, #1901705, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account. The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that even if this action is dismissed, or is otherwise unsuccessful, the full filing fee still shall be due, under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of Court shall detach and file plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Fourteenth Amendment conditions of confinement claim asserted against CCDC's kitchen staff in count II will proceed.

IT IS FURTHER ORDERED that the claims in count I and the Fourth Amendment claims in count II are dismissed, without prejudice, with leave to amend.

IT IS FURTHER ORDERED that if plaintiff chooses to file an amended complaint curing the deficiencies outlined in this order, plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order. Failure to timely comply will result in a report and recommendation that this case be dismissed.

//
//
//
//
//

1   IT IS FURTHER ORDERED that the Clerk of Court shall send to plaintiff the approved
2   form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint
3   (ECF No. 1-1).  If plaintiff chooses to file an amended complaint, he must use the approved form
4   and must write the words "First Amended" above the words "Civil Rights Complaint" in the
5   caption.

6   IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint
7   curing the stated deficiencies of the complaint, this action will proceed only on the conditions of
8   confinement claim asserted against CCDC's kitchen staff.

DATED: August 2, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE